UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | CASE NO.   1:11-cv-01980-LJO-MJS |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | ) | |
| RICARDO CESAR ARTEAGA, | ) | (Doc. 9) |
| Defendant. | ) | OBJECTIONS DUE WITHIN 15 DAYS |

I.     **INTRODUCTION**

On April 10, 2012, Plaintiff J & J Sports Productions, Inc. ("Plaintiff"), filed a motion for default judgment against Defendant Ricardo Cesar Arteaga, individually and doing business as Ricky's Taqueria ("Defendant"). (Mot. For Default, ECF No. 9.) The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court, finding the matter suitable for decision without a hearing, VACATED the May 11, 2012 hearing and considered the motion submitted upon the record in accordance with Local Rule 230(g).

-1-

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

## II.    FACTUAL BACKGROUND

Plaintiff filed this civil action on November 29, 2011. (Compl., ECF No. 1.) The Complaint alleges Defendant violated the Communications Act of 1934 (47 U.S.C. § 605, et seq.) and The Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553, et seq.). It also asserts causes of action for conversion and for violation of California Business and Professions Code section 17200, et. seq. The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of *"In Harm's Way" Nonito Donaire v. Volodymyr Sydorenko* (including all under-card bouts, televised replay and color commentary encompassed therein) telecast nationwide on December 4, 2010 (the "Program"). According to the complaint, Plaintiff was the exclusive commercial distributor of closed-circuit rights to the Program. Since Defendant operates Ricky's Taqueria, a commercial establishment, and exhibited the Program there, it could not have lawfully obtained the Program without contracting with Plaintiff. Defendant did not so contract, and thus necessarily must have wrongfully intercepted, received, and broadcasted the Program.

Count I of the complaint asserts a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging that Defendant knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. Plaintiff prays for $110,000 in statutory damages as well as attorney's fees and costs on this Count. Count II alleges a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations.

Plaintiff requests $60,000 in statutory damages and and costs on this Count. Count III alleges Defendant tortuously obtained possession of the Program and wrongfully converted it for their own benefit. Plaintiff requests an award of compensatory, exemplary and punitive damages for the alleged conversion. Count IV sets forth a claim of violation of California Business & Professions Code § 17200, *et seq.*, for which Plaintiff seeks restitution, declaratory and injunctive relief, attorney's fees, and costs.

On February 14, 2012, summons was returned showing that service of the summons and complaint was effected on Defendant on January 24, 2012. Defendant has not filed any response to the Complaint. On February 28, 2012, Plaintiff requested default be entered against Defendant, and on February 28, 2012, the Clerk entered said default. On April 10, 2012, Plaintiff filed the present motion for default judgment against Defendant. Defendant has filed no opposition to the motion or otherwise sought to appear in the case.

### III. DISCUSSION

#### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered by the Court on a party's motion for default judgement and authorizes the Court to:

> ...conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Upon default, the well-pleaded allegations of liability in the complaint are taken as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Dundee Cement Co. v. Highway Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**B.** **Analysis**

1. Default Judgment

Service of the summons and Complaint in this action was effected on January 24, 2012. A copy of the Proof of Service was filed with this Court on February 14, 2012. Defendant has not responded to the Complaint or to this Motion (of which he was given notice) or otherwise appeared in the action. The Clerk of the Court entered default against Defendant on February 28, 2012. According to the Affidavit of Plaintiff's counsel filed in support of Plaintiff's Request to Enter Default, Defendant is not an infant, incompetent, in the military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

The Court finds that Plaintiff's complaint properly and credibly alleges all material facts and elements necessary to the claims asserted and to the relief sought, and it reflects a meritorious substantive claim. Defendant has chosen not to respond to or contest the action or this motion. There is no basis to conclude that Plaintiff will be prejudiced by this case proceeding via default judgment rather than trial. Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact (Danning v. Lavine, 572 F.2d 1386,

1388 (9th Cir. 1978)), it must be concluded that there is no dispute as to any material fact. It appears that Defendant simply elected to allow this matter to proceed through default; default was not caused by excusable neglect. Although the Court favors resolving cases on the merits after adversarial proceedings, it cannot force Defendant to participate.  Thus, the only factor weighing against default judgment in this case is the relatively large amount of money Plaintiff seeks in damages.   However, as discussed below, the actual, much smaller,  award made by the Court is not such as to militate against proceeding by default judgment.

Accordingly, the Court recommends that default judgment be entered against the Defendant.

2. Statutory and Enhanced Damages

In its motion, Plaintiff seeks default judgment and an award of damages pursuant  to 47 U.S.C. § 605(e)(3)(C)(i)(II)  (statutory damages) and 47 U.S.C. § 605(e)(3)(C)(ii) (enhanced statutory damages) in the amount of $110,000 against Defendant  for unlawfully intercepting, receiving, and exhibiting the Program and $1,000 damages for conversion.

Section 605(a) provides that "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents,  substance,  purport, effect, or meaning thereof, except through authorized channels  of transmission of reception. . . ." Those who violate this Section are subject to the following civil penalty:

> [T]he party aggrieved may recover an award of statutory damages for each violation of subsection (a)  of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph  (4) of this  subsection involved in the  action

>an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff attests that it is a closed-circuit distributor of sports and entertainment programming that purchased and retained the exclusive commercial exhibition licensing rights to the Program. Plaintiff marketed the sub-licensing (commercial exhibition) rights in the Program to its commercial customers. Plaintiff seeks substantial damages as a deterrent to Defendant and others continuing to pirate and commercially exhibit such broadcasts. Plaintiff contends that persistent signal piracy of Plaintiff's programming costs the company, its customers, and the community millions of dollars annually. Plaintiff asserts that continued signal piracy is caused, in part, by the perceived lack of consequences as reflected in part by nominal or minimal damage awards by courts, for such unlawful interception and exhibition. As such, Plaintiff requests that it be awarded the maximum, $10,000 allowance for statutory violations.

Plaintiff also seeks an award of significant enhanced statutory damages under Section 605(e)(3)(C)(ii) because Defendant's action in this case was willful and done for commercial advantage. Section 605(e)(3)(C)(ii) provides that where "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)." Emphasizing the need for deterrence as to this Defendant and others, Plaintiff requests that it be awarded $100,000 in enhanced statutory damages.

Here, the summons and the complaint were properly served upon Defendant, his

default was properly entered, and the complaint is sufficiently well-pled. See Eitel, 782 F.2d at 1471-72. By default, Defendant admitted to willfully violating Section 605 for the purposes of commercial advantage. See TeleVideo Sys., Inc., 826 F.2d at 917-18. The facts before the Court indicate that Defendant's establishment had an approximate capacity of 75 people. (Doc. 9-3.) There were three 40-inch flat screen television sets in the establishment on the night the Program was broadcast. One television was situated on each side of the wall with the third facing toward the bar area. (Id.)  Three head-counts revealed thirty people in the restaurant each time. (Id.)

The amount of damages awarded should be in an amount that is adequate to deter Defendant and others from committing similar acts in the future.

Therefore, the Court recommends that the maximum allowable statutory damages be awarded pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $10,000.

Several factors weigh against a substantial award of enhanced statutory damages in this case. There is no evidence that Defendant (1) advertised the broadcast of the Program to entice a larger crowd, (2) charged a cover to enter the establishment, or (3) charged a premium for food and drinks on the night the broadcast was shown. There is no evidence that Defendant's income or resources are such as to warrant an award of enhanced damages to deter future violations.

Defendant's conduct, whether particularly profitable for Defendant or not, has an adverse impact on Plaintiff and the industry. Plaintiff stresses the significant adverse effect piracy has had on its industry, the need for deterrence and the perception that the courts have placed undue weight on whether Defendants promote the program. Plaintiff argues that pirates often refrain from advertising their intent to exhibit such programming, to

increase the price of food and drinks, or to charge a cover charge, all in the hope of undercutting competitors who do sub-license and broadcast the program lawfully.

The Court is also mindful that minimal damage awards may result in a perceived lack of consequences for signal piracy. Moreover, here Plaintiff characterizes Defendant as a repeat offender because he is being sued for other acts of piracy in a separate case pending before the Eastern District. (Doc. 9-4); see Joe Hand Promotions, Inc. v. Arteaga 1:11-cv-01909-AWI-SMS ("Arteaga"). In Arteaga, 1:11-cv-01909-AWI-SMS, where Defendant is being sued. for wrongful exhibition of "*Ultimate Fighting Championship 121: Rampage Jackson v. Lyoto Machida*" telecast on November 20, 2010. Arteaga, 1:11-cv-01909-AWI-SMS at Doc. 1, ¶ 2. Defendant has not responded to the complaint in that action. Findings and Recommendations that Default be granted in that case have been filed. Arteaga, 1:11-cv-01909-AWI-SMS at Doc. 18.

Weighing all of these factors, the Court recommends that enhanced statutory damages in the amount of $5,000 be awarded under Section 605(e)(3)(C)(ii). This is an amount which should serve as a significant disincentive to defendant and others to try to profit directly or indirectly from the pirating, but also recognizes the absence of evidence that Defendant actively sought to profit directly or did actually profit from the pirating.

       3.      Damages for Conversion

Plaintiff seeks recovery of $1,000 as the value of the property at the time of the conversion.

Under California law, conversion is the wrongful exercise of dominion over the property of another. The elements of conversion are, "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by

a wrongful act or disposition of property rights; and damages." Greka Integrated, Inc. v. Lowrey, 133 Cal. App. 4th 1572, 1581 (2005); see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir. 1992). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." Gilman v. Dalby, 176 Cal. App. 4th 606, 615 n.1 (2009). Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion. See Don King Prods./Kingvision v. Lovato, 911 F.Supp. 419, 423 (N.D. Cal. 1995) (misappropriation of intangible property without authority from owner is conversion); see also DIRECTV, Inc. v. Pahnke, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (concluding that the right to distribute programming via satellite constituted a right to possession of personal property for purposes of a conversion claim under California law.)

Here, Plaintiff was granted the exclusive domestic commercial exhibition licensing rights to the Program. As such, Plaintiff had the right to possess the property at the time of the conversion. Because Defendant did not legally purchase the Program, the exhibition of the Program constituted conversion by a wrongful act or disposition of property rights. The rate for the Program at an establishment such as Defendant's establishment was $1,000. Thus, Plaintiff is entitled to damages for conversion in the amount of $1,000.

## IV. **RECOMMENDATIONS**

Based on a consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED;

2. Judgment be entered in this action against Defendant Ricardo Cesar Arteaga,

individually and doing business as Ricky's Taqueria as follows:

    a. $10,000 statutory damages for violation of 47 U.S.C. § 605;

    b. $5,000 enhanced statutory damages for violation of 47 U.S.C. § 605; and

    c. $1,000 damages for the tort of conversion.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir 1991).

IT IS SO ORDERED.

Dated:   June 14, 2012          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE